## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LARRY W. McLEMORE**,

    Petitioner,

v.                                                         CIV. NO. 05-1104 MCA/DJS

**STATE OF NEW MEXICO, NEW MEXICO
CORRECTIONAL DEPT., INTERSTATE COMPACT
SERVICE, and THE STATE OF OKLAHOMA**,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

    1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to compel the state of New Mexico to complete or vacate parole revocation proceedings stemming from his violation of the conditions of parole imposed by the judgment and sentence entered in No. CR-87-35 in the Twelfth Judicial District, Otero County, of New Mexico. In that proceeding Petitioner was convicted following a no-contest plea of one count of Distribution of LSD and two counts of Distribution of Marijuana. In addition, Petitioner was found to be an habitual offender. As a result of the conviction Petitioner was sentenced to a period of six years of incarceration, of which all but one year was suspended, to be followed by five years probation and two years on parole. As a condition of probation, Petitioner was required to enroll in

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

and successfully complete the Delancy Street Program. Upon his release in 1988, Petitioner was approved for parole and released to the Delancy Street Program in San Juan Pueblo, New Mexico. Petitioner failed to report for the program and a warrant for his arrest was issued one month later. Petitioner is currently incarcerated in Oklahoma while serving a twenty-year sentence imposed for conviction following a guilty plea to Manufacture of CDS and Distribution of a Controlled Substance.

    2. Petitioner challenges a detainer placed upon him by the state of New Mexico in an attempt to execute its warrant against Petitioner for his parole violation. "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719 (1985). Petitioner asserts that he has been denied a timely revocation hearing, resulting in prejudice to him. He also asserts that the warrant against him is invalid on its face because the state of New Mexico knew that he was incarcerated in Colorado and Oklahoma prisons, but failed to extradite him. Last, Petitioner asserts that the statute of limitations found in 18 U.S.C. §3282 bars his prosecution for his parole violation.

    3. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondents assert that Petitioner has failed to raise any of the grounds for relief contained in his petition in the New Mexico courts. However, Respondents have filed a motion to dismiss and argue that the petition should be dismissed with prejudice for failure to state a claim upon which relief can be based. This Court has discretion to consider and deny unexhausted claims on their merits under 28 U.S.C. 2254(b)(2).

   4. Petitioner's assertion that he has been denied a timely parole revocation hearing fails to state a federal constitutional claim. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (holding that a prisoner in a federal penitentiary who is subject to a federal parole-violation detainer is not constitutionally entitled to a prompt parole-revocation hearing)); see also Carchman, 473 U.S. at 731 n. 10 ("This Court has never held, however, that a prisoner subject to a probation-violation detainer has a constitutional right to a speedy probation-revocation hearing."). Generally, when a detainer is filed against an out-of-state prisoner, the prisoner may request disposition of the charge underlying the detainer and has rights under the Interstate Agreement on Detainers Act (IADA) to be brought to trial on that charge within specific time periods. See 18 U.S.C.App. § 2, Art. III. However, the IADA does not apply to detainers based on parole violation charges. See Carchman, 473 U.S. at 725-26.

   5. Petitioner argues that he has suffered punitive effects from the detainer lodged against him by New Mexico and asserts that the state's failure to resolve the parole violation results in a denial of due process. That assertion is incorrect, as prompt hearing requirements and time limitations must be adhered to only after a parolee is taken into custody by the paroling authority. McDonald v. New Mexico Parole Bd., 955 F.2d 631, 633 (10th Cir.1991) (citing Moody v. Daggett, 429 U.S. 78, 86 (1976)). Even if Petitioner is prevented from participating in various educational or rehabilitative programs in Oklahoma or is denied the possibility of parole from his Oklahoma sentence due to the New Mexico detainer, his right to due process is not violated. Id. at 634 (citations omitted).

   6. Petitioner's assertion that New Mexico's parole violation warrant is invalid because the state of New Mexico failed to come get him from custody in Oklahoma or Colorado also fails to state a claim for *habeas* relief. The warrant notes that Petitioner shall be yielded to officers of the

Penitentiary or New Mexico for a parole revocation hearing after all local, state, and Federal charges against him are fully adjudicated. Answer, Exhibit E. Petitioner contends that New Mexico must prove by a preponderance of evidence that he fled the jurisdiction with the intent to avoid arrest or that he failed to return to the jurisdiction once he learned of the charges against him. The Court cannot determine the source for this contention. Petitioner was necessarily aware of the violation of his conditions of parole, as he failed to report for the treatment program upon which his parole was conditioned. Regardless, the validity of the warrant and the allegation that Petitioner violated his parole will be determined once Petitioner has served his sentence in Oklahoma and his custody is given to New Mexico. In the interim, as held by McDonald, *supra*, Petitioner's right to due process is not implicated.

   7. Petitioner's assertion that a statute of limitations bars his New Mexico from pursuing his parole violation also fails to state a constitutional claim. Petitioner cites to 18 U.S.C. §3282. However, as a portion of the United States Code, that statute is not applicable to state prosecutions. Further, while an applicable statute of limitations might serve as a defense to the revocation of Petitioner's parole, which will be decided once he is in the custody of the state of New Mexico, no due process violation or deprivation of a constitutional right is posed by the detainer against him. See Mcdonald, 955 F.2d at 634.

   **RECOMMENDED DISPOSITION**

   That Respondent's Motion to Dismiss be granted, this petition be denied and this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**